**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 120145

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Mockingbird 38, LLC,

        Plaintiff,

                      Case No:

v.

                      **COMPLAINT**

Storerotica, Inc.,

        Defendant.
-----------------------------------------------------/

Plaintiff Mockingbird 38, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Storerotica, Inc. ("*Defendant*") states and alleges as follows:

## **INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides entertainment-related photojournalism goods and services and own the rights to Photograph featuring celebrities which they license to online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of its Photograph, and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as www.storerotica.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Mockingbird 38, LLC is a New York Limited Liability Company and maintains its principal place of business in Nassau County, New York.

7. On information and belief, Defendant Storerotica, Inc., is a Florida Corporation with a principal place of business in Pinellas County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Storerotica, Inc. because Storerotica, Inc. maintains its principal place of business in Florida.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Storerotica, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owners of Photograph which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building its photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United

States Copyright Office (the "*USCO*") which cover many of Plaintiff's Photograph while many others are the subject of pending copyright applications.

14. Plaintiff's Photograph are original, creative works in which Plaintiff's own protectable copyright interests.

15. Defendant is the owner of the Website and responsible for its content.

16. Defendant is the operator of the Website and is responsible for its content.

17. The Website is popular and lucrative enterprises that purposefully display celebrity and/or news Photograph, including Plaintiff's copyrighted Photograph.

18. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profits from these activities.

19. On May 28, 2019 a photograph of *PREMIUM EXCLUSIVE NO WEB UNTIL 1800 BST 30TH MAY* Cara Delevingne and Ashley Benson buy a sexual bondage bed restraint while shopping together in Hollywood (the "Photograph") was authored. A copy of the Photograph is attached collectively in Exhibit 1.

20. Plaintiff acquired the rights and applied to the USCO to register the Photograph on February 4, 2020 under Application No. 1-8514267581.

21. The Photograph was registered by USCO on February 4, 2020 under Registration No. VA0002196879.

22. Plaintiff observed the Photograph on Defendant's domain www.storerotica.com on June 28, 2019. A copy of Screengrab of Defendant's website including Photograph 1 is attached hereto collectively in Exhibit 2.

23. A copy of the Photograph was stored and displayed on Defendant's domain

www.storerotica.com at the following URL: https://storerotica.com/cara-delevingne-ashley-benson-lessons-in-obedience/.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected photograph, as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

25. On information and belief, the Photograph was copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

27. The Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

28. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photograph.

29. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing authors, moderators and administrators, as Defendant's agents (hereinafter collectively referred to as "Employees") who are each responsible for operating and controlling the activities on the Website.

30. On information and belief, the Photograph was volitions posted to the Website

by Employees.

31. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they volitionally posted the Infringement.

32. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they volitionally posted the Infringement.

33. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

34. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

35. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

36. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

37. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

38. On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

39. On information and belief, Defendant has received a financial benefit directly

attributable to the Infringement. Specifically, by way of the Infringement, the Website had increased traffic to the and, in turn, realized an increase its advertising revenues and/or merchandise sales.

40. On information and belief, a large number of people has viewed the unlawful copies of the Photograph on the Website.

41. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

42. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

43. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

44. The Photograph are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

45. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

46. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

47. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

48. As a direct and proximate result of Defendant's misconduct, Plaintiff has been

substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(b) in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

  a. Actual damages against Defendant pursuant to 17 U.S.C. §504(b) and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

  b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

  c. Plaintiff's costs; together with

  d. Such other relief that the Court determines is just and proper.

DATED: January 5, 2021

**BARSHAY SANDERS, PLLC**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 120145